# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
Docket No. 3:10-cv-614-GCM-DSC

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | **DEFAULT JUDGMENT** |
| MCBONIE'S BAR & GRILL d/b/a ) | |
| McBonie's Southern Food & Bar & Grill, ) | |
| and RAYFORD J. WATERS, III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 9). The Summons and Complaint in this action have been duly served upon Defendants, Rayford J. Waters, III, individually, and as owner and officer of McBonie's Bar & Grill d/b/a McBonie's Southern Food & Bar & Grill on December 21, 2010 and the Defendants have failed to plead or otherwise appear in this action. The Clerk entered a default against the Defendants on January 28, 2011. (Doc. No. 8).

The Plaintiff filed a Motion for Default Judgment on April 27, 2011. (Doc. No. 9). In their motion, the Plaintiff requests damages pursuant to 47 U.S.C. § 605. The Court recognizes that there is a split of authority as to whether 47 U.S.C. § 605 or 47 U.S.C. § 553 (or both) apply to those who illegally intercept cable transmissions. The Court has reviewed the case law and finds those cases holding out 47 U.S.C. § 553 as the appropriate statutory authority more compelling. See, e.g., TKR Cable Co. v. Cable City Corp., 267 F.3d 196 (3d Cir. 2001); United States v. Norris, 88 F.3d 462 (7th Cir. 1996); Columbia Cable TV Co., Inc. v. McCary, 954 F.Supp. 124 (D.S.C. 1996). The Court has assessed damages accordingly.

It is hereby ORDERED AND ADJUDGED that J&J Sports Productions, Inc., the Plaintiff, does recover of RAYMOND J. WATERS, III, Individually, and as owner, officer and/or principal of MCBONIE'S BAR & GRILL d/b/a McBonie's Southern Food & Bar & Grill and of MCBONIE'S BAR & GRILL d/b/a McBonie's Southern Food & Bar & Grill , a total award of Fifteen Thousand Eight Hundred Forty Dollars and Fifty Cents ($15,840.50), for which the Defendants are jointly and severally liable, consisting of:

1. TEN THOUSAND DOLLARS ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii); and

2. FOUR THOUSAND TWO HUNDRED DOLLARS ($4,200.00) pursuant to 47 U.S.C. § 553(c)(3)(B) for Defendants' willful violation of 47 U.S.C. § 553; and

3. Costs and attorneys' fees of ONE THOUSAND SIX HUNDRED FORTY DOLLARS and FIFTY CENTS ($1,640.50) pursuant to 47 U.S.C. § 553(c)(2)(C);

and it is further,

ORDERED AND ADJUDGED that pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in this Default Judgment as the interest of justice require the issuance of judgment as requested without further delay.

IT IS SO ORDERED.

Signed: August 15, 2011

Graham C. Mullen
United States District Judge